**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **BENJAMIN WHERRY,** | : | Case No.  1:96-CR-86 |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | **MEMORANDUM & ORDER** |
| Respondent. | : | |

Before the Court is Petitioner Benjamin Wherry's Motion to Vacate, Set Aside, and Correct Sentence Pursuant to 18 U.S.C. § 3582.  (Doc. 101.)  In light of recent binding Sixth Circuit caselaw, as explained below, this motion must be **DENIED**.[1]

**I. PROCEDURAL HISTORY**

On March 20, 1996, the Government filed a two-count indictment against Petitioner Wherry. (Doc. 1.)  Wherry was charged with possession with intent to distribute cocaine base under 21 U.S.C. § 841(a)(1) and being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).  (*See id.*)

On January 29, 1997, a jury found Wherry guilty on both counts.  (Doc. 41.)  On April 9, 1997, this Court sentenced Wherry to a term of 235 months imprisonment, which was based on his status as a career offender and armed career offender.  (Docs. 42, 43.)  Wherry appealed,[2] but on

---

[1] On May 21, 2010, Wherry requested the Court's recusal from this matter (*see* Doc. 115), which the Court denied on June 11, 2010.  On June 25, 2010, he filed a motion asking the Court to reconsider or clarify its June 11, 2010 Order (*see* Doc. 117), which the Court **DENIES** at this time.

[2] The Court presumes that Wherry appealed both his conviction and sentence, although the docket is unclear on this point.

August 21, 1998, the United States Court of Appeals for the Sixth Circuit issued a mandate order denying Wherry's appeal.  (Doc. 56.)

On February 11, 1999, Wherry filed a petition to vacate his conviction under 18 U.S.C. § 2255.  (Doc. 61.)  On April 30, 1999, this Court denied Wherry's Petition and declined to issue a certificate of appealability.  (Doc. 69.)  Wherry attempted to appeal this Court's Order, but on March 8, 2000, the United States Court of Appeals for the Sixth Circuit issued a mandate order denying Wherry a certificate of appealability.  (Doc. 74.)  Wherry then filed a Petition for a Writ of Certiorari to the United States Supreme Court (Doc. 75), which was denied on October 30, 2000 (Doc. 76).

At some time not readily discernable from this Court's docket, Wherry also sought permission from the United State Court of Appeals for the Sixth Circuit to file a second or successive petition under 18 U.S.C. § 2255.  This motion was denied by the Sixth Circuit on January 29, 2002.  (Doc. 78.)  Wherry also filed a motion in this Court seeking modification of his sentence (Doc. 77), which was denied on March 25, 2003 (Doc. 82).

On October 31, 2006, Wherry again sought a Writ of Certiorari from the United States Supreme Court.  (Doc. 84.)  This was denied on January 29, 2007.  (Doc. 85.)

On February 26, 2007, Wherry filed a Motion for Relief from Judgment under Rule 60 (b)(6).  (Doc. 86.)  This motion was denied on May 6, 2008.  (Doc. 106.)[3]

On March 5, 2008, Wherry filed the petition now before the Court.  (Doc. 101.)  In this petition, he asks for a retroactive reduction of his sentence under 18 U.S.C. § 3582.  (*See id.*)

---

[3] At the time Wherry filed his motion under Rule 60(b), he asked this Court to release him an issue a non-surety bond (Doc. 99).  The Court neglected to term this motion (Doc. 99) as moot on May 6, 2008, but does so now.

2

**II. DISCUSSION**

   **A. Petitioner's Argument**

Wherry seeks the retroactive reduction of his sentence under Amendments 706 and 711 to the United States Sentence Guidelines. (Doc. 101 at 1.) As Wherry correctly explains, these amendments "modified the calculation guidelines for determination of a Base Offense Level under Section 2D1.1, offenses involving the possession and distribution of crack cocaine." (*Id.*)

Wherry, however, was not sentenced under § 2D1.1. Wherry's argument is a somewhat different one:

> [Petitioner] was sentenced based upon a judicial determination that his base offense level was 34. This adjusted offense level was calculated by applying career offender enhancement provisions USSG § 4B1.1. . . .
>
> [But] it is clear that the District Court did not want to impose the guideline mandated sentence required by USSG § 4B1.1. The District Court took the unusual step of granting Petitioner a 3 level reduction to his base offense level for acceptance of responsibility, despite the fact that the Petitioner went to trial. Further, the Court recognized that criminal history category VI, as mandated by USSG § 4B1.1 overstated Petitioner's criminal history. The Court departed downward to criminal history category V.
>
> Ultimately, Petitioner's sentence was imposed, not based on the amount of drugs, but rather the provisions of § 4B1.1. Yet the Court clearly recognized at sentencing that this career offender enhanced sentence was wholly inappropriate based on the facts and circumstances of this particular case. While Petitioner's sentence was driven by § 4B1.1, and not § 2D1.1 as contemplated by the recent amendments, [t]he Court's decision to impose sentence and to calculate the appropriate sentence were colored by consideration of the prior guidelines.

(Doc. 101 at 4-6) (footnotes omitted).[4]

---

[4] On Reply, Wherry's counsel attempted to amend this description somewhat:

> It should be noted that in the opening brief, Counsel for Petitioner stated that the Court's sentencing determination was driven by the career offender provisions of the guidelines. Petitioner adamantly objects to the use of this language and any concessions it may provide to the Court or United States. Petitioner believes that his sentence was not driven by the career offender provisions of the guidelines, but by guideline section 2D1.1. Regardless of the semantics, the Court found the career offender provisions were applicable in this case and then departed downward from

3

**B. Analysis**

While "a court should adjust a sentence when it is explicitly based on the crack cocaine guidelines," it must "leave undisturbed a sentence for which there exists an independent basis." *United States v. Johnson*, Case No. 1:96cr142, 2009 U.S. Dist. LEXIS 37205, at *3 (N.D. Ohio Apr. 29, 2009). The precise question raised by this case, whether a district court may adjust the sentence for a prisoner who was sentenced under the career offender provision when the prisoner's status as a career offender was determined in part by a conviction for possession or distribution of crack cocaine, has now arisen several times within this circuit, particularly within the last few months. The Sixth Circuit has explained that district courts are simply without power to modify such a sentence. *United States v. Raybon*, Case No. 09-1716, 2010 U.S. App. LEXIS 14181, at *3-4 (6th

---

> that finding. Petitioner's sentence is thus neither clearly defined solely by § 2D1.1 nor § 4B1.1 but is rather a hybrid result attributable to this Court's intensive consideration of the particular facts of this case.

(Doc. 107 at 2 n.1.) The Court is somewhat confused by this footnote, as well as a *pro se* filing by Wherry in which Wherry appears to argue that he was not sentenced under § 4B1.1 at all. (*See* Doc. 105.)

To be clear, as explained on page 7 of Wherry's PSI, the Petitioner was sentenced as "a career offender within the meaning of Guideline § 4B1.1." Accordingly, "[t]he offense level [was] determined under Guidelines § 4B1.1 . . . rather than the lower level [otherwise] calculated [under 2D1.1]." The Court did depart downward, of course, but this is immaterial: what matters is that the Court departed downward *after calculating Wherry's sentence under § 4B1.1. See United States v. Pembrook*, No. 08-6452, 2010 U.S. App. LEXIS 11949, at *16 (6th Cir. June 11, 2010) ("[The Defendant's] applicable guideline range was his career-offender range, not the crack-cocaine range to which the district court departed under U.S.S.G. §§ 4A1.3 and 5K2.0. It follows that Amendment 706 to the Sentencing Guidelines did not have the effect of lowering [the Defendant's] applicable guideline range, and [the Defendant] is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).").

Finally, the Court observes that Wherry's pro se filing is devoted primarily to the argument that his initial sentence was improperly calculated at the time of sentencing. (*See generally* Doc. 105.) This argument is both untimely and barred by principles of res judicata: the only question currently before the Court is whether it is appropriate to retroactively reduce Wherry's sentence under Amendments 706 and 711 of the United States Sentence Guidelines. (*See generally* Doc. 101.)

Cir. July 12, 2010); *United States v. Pembrook*, No. 08-6452, 2010 U.S. App. LEXIS 11949, at *16 (6th Cir. June 11, 2010); *United States v. Perdue*, 572 F.3d 288, 291 (6th Cir. 2009). In particular:

> The amendment in question in this case is Amendment 706 . . . which reduced the base offense level for most crack offenses. Amendment 706 was further amended by the technical and conforming amendments set forth in Amendment 711 . . . . [While] [t]he crack-cocaine amendment is one of the amendments listed in § 1B1.10(c) as having retroactive effect . . . ., *Amendment 706 offers no relief to those defendants who have been sentenced as career offenders*.

*Perdue*, 572 F.3d at 291-92 (emphasis added); *see also Pembrook*, 2010 U.S. App. LEXIS 11949, at *16; *Johnson*, 2009 U.S. Dist. LEXIS 37205, at *3; *cf. Dillon v. United States*, Case No. 09-6338, 2010 U.S. LEXIS 4975 (U.S. June 17, 2010) ("[§ 3582(c)(2)] applies only to a limited class of prisoners . . . . § 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission."). The caselaw is unambiguous: the Court cannot grant Wherry's motion.

### III. CONCLUSION

For the aforementioned reasons, Benjamin Wherry's Motion to Vacate, Set Aside, and Correct Sentence Pursuant to 18 U.S.C. § 3582 (Doc. 101) is **DENIED**. As indicated above, the Court declines to recuse itself from this matter and thus **DENIES** Wherry's request to the contrary (Doc. 117). Wherry's request that he be released on bond (Doc. 99) is **MOOT**, as is his Motion to Compel (Doc. 119), which asked this Court to issue the current order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

               s/Kathleen M. O'Malley
               KATHLEEN McDONALD O'MALLEY
               UNITED STATES DISTRICT JUDGE

Dated: July 14, 2010