UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BENJAMIN WHERRY,** | : | Case No.  1:96-CR-86 |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | **MEMORANDUM & ORDER** |
| Respondent. | : | |

Before the Court is Petitioner Benjamin Wherry's Motion for Reconsideration of the Court's Order Denying his Motion to Vacate, Set Aside, and Correct Sentence Pursuant to 18 U.S.C. § 3582. (Doc. 123.)  For the reasons explained below, this motion must be **DENIED**.

## I. PROCEDURAL HISTORY

On March 20, 1996, the Government filed a two-count indictment against Petitioner Wherry. (Doc. 1.)  Wherry was charged with possession with intent to distribute cocaine base under 21 U.S.C. § 841(a)(1) and being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).  (*See id.*)

On January 29, 1997, a jury found Wherry guilty on both counts.  (Doc. 41.)  On April 9, 1997, this Court sentenced Wherry to a term of 235 months imprisonment, which was based on his status as a career offender and armed career offender.  (Docs. 42, 43.)  Wherry appealed,[1] but on August 21, 1998, the United States Court of Appeals for the Sixth Circuit issued a mandate order denying Wherry's appeal.  (Doc. 56.)

---

[1] The Court presumes that Wherry appealed both his conviction and sentence, although the docket is unclear on this point.

On February 11, 1999, Wherry filed a petition to vacate his conviction under 18 U.S.C. § 2255.  (Doc. 61.)  On April 30, 1999, this Court denied Wherry's Petition and declined to issue a certificate of appealability.  (Doc. 69.)  Wherry attempted to appeal this Court's Order, but on March 8, 2000, the United States Court of Appeals for the Sixth Circuit issued a mandate order denying Wherry a certificate of appealability.  (Doc. 74.)  Wherry then filed a Petition for a Writ of Certiorari to the United States Supreme Court (Doc. 75), which was denied on October 30, 2000 (Doc. 76).

At some time not readily discernable from this Court's docket, Wherry also sought permission from the United State Court of Appeals for the Sixth Circuit to file a second or successive petition under 18 U.S.C. § 2255.  This motion was denied by the Sixth Circuit on January 29, 2002.  (Doc. 78.)  Wherry also filed a motion in this Court seeking modification of his sentence (Doc. 77), which was denied on March 25, 2003 (Doc. 82).

On October 31, 2006, Wherry again sought a Writ of Certiorari from the United States Supreme Court.  (Doc. 84.)  This was denied on January 29, 2007.  (Doc. 85.)

On February 26, 2007, Wherry filed a Motion for Relief from Judgment under Rule 60 (b)(6).  (Doc. 86.)  This motion was denied on May 6, 2008.  (Doc. 106.)

On March 5, 2008, Wherry filed a petition for a retroactive reduction of his sentence under 18 U.S.C. § 3582.  (Doc. 101.)  This motion was denied on July 14, 2010.  (Doc. 121.)

On July 26, 2010, Wherry filed an appeal of the Court's July 14, 2010 Order with the United States Court of Appeals for the Sixth Circuit.  (Doc. 122.)  On August 6, 2010, Wherry filed the motion now pending before the Court.

2

**II. DISCUSSION**

Wherry seeks reconsideration of the Court's July 14, 2010 Order denying him retroactive reduction of his sentence under Amendments 706 and 711 to the United States Sentencing Guidelines.  (*Id.*)  Those amendments modified the calculation guidelines for determination of a Base Offense Level under § 2D1.1, offenses involving the possession and distribution of crack cocaine.  The July 14 Order concluded, however, that Wherry was not entitled to a reduction because Wherry was sentenced as a career offender.[2]  Having considered carefully Wherry's most recent arguments, the Court must decline Wherry's request to alter its July 14 determination.[3]

As a threshold issue, the Court does not have jurisdiction in this matter presently because, on July 26, 2010, Wherry filed an appeal of the Court's July 14, 2010 Order with the United States Court of Appeals for the Sixth Circuit (Doc. 122).  *See Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981) ("As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals.").  The Sixth Circuit, however, allows district courts to weigh issues that are pending on appeal and to request that jurisdiction be returned.  *See D'Ambrosio v. Bagley*, 688 F. Supp. 2d 709 (N.D. Ohio 2010) (discussing this procedure); *see also First Nat'l Bank v. Hirsch*, 535 F.2d 343 (6th Cir. 1976).  This Court will not request that jurisdiction be returned to it, however, because, as explained below, the Court would not be empowered to grant the relief sought by Wherry in any event.

---

[2] Due to a clerical error, in one place, the Court's July 14 Order refers to Wherry as both a career offender and an armed career criminal.  That error played no role in the resolution of Wherry's motion.

[3] Given the extensive procedural history of this case, it is interesting that, at sentencing, Wherry's counsel remarked upon the fair manner in which Wherry had been treated:

> Your Honor, first of all, I'd like to thank the Court on behalf of Mr. Wherry and also the prosecuting attorney, for that matter the probation officer.  In my mind, Mr. Wherry has been treated very, very fairly by everybody who has been involved in this process.

(Doc. 123 Ex. B.)

3

### 1. Wherry was Sentenced as a Career Offender

The Court begins its analysis by noting that Wherry was sentenced as a career offender rather than under the crack cocaine guidelines. As Wherry himself argued when he was represented by counsel:

> [Petitioner] was sentenced based upon a judicial determination that his base offense level was 34. This adjusted offense level was calculated by applying career offender enhancement provisions USSG § 4B1.1. . . .
>
> Ultimately, Petitioner's sentence was imposed, not based on the amount of drugs, but rather the provisions of § 4B1.1.

(Doc. 101 at 4-6) (footnotes omitted) (emphasis added).

Wherry, appearing pro se, has contested vigorously his counsel's factual description and has maintained that he was sentenced under the crack cocaine guidelines. In particular, Wherry argues that he was not characterized as a "true career offender." (Doc. 123 at 5.) Wherry is mistaken. Although the Court concluded that a one-level reduction in Wherry's criminal history was appropriate (to criminal history level V), the Court did sentence Wherry under § 4B1.1: had §4B1.1 not applied at all, Wherry would have been sentenced at a criminal history level III. Accordingly, Wherry's "applicable guideline range was his career-offender range . . . ." *United States v. Pembrook*, 609 F.3d 381, 2010 U.S. App. LEXIS 11949, at *16 (6th Cir. June 11, 2010).[4]

### 2. Career Offenders are not Eligible for a Reduction in Sentence

A district court may not adjust a sentence retroactively when that sentence was imposed "based on . . . the provisions of § 4B1.1." *E.g.*, *United States v. Perdue*, 572 F.3d 288, 291 (6th Cir. 2009). The Sixth Circuit has explained:

---

[4] Wherry references the Court's use of the word "technically" when describing his status as a career offender. The Court used this language only to emphasize that a departure *from the career offender guidelines* was appropriate, not as an indication that the firmness of the Court's conclusion that Wherry qualified as a career offender under a proper application of the sentencing guidelines was ever in doubt.

4

>  a district judge's mere calculation of the sentencing range under § 2D1.1 does not render a defendant's sentence "based on" the crack guidelines range if that range is subsequently trumped by another provision of the guidelines. *See United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009) (rejecting this argument when the defendant was sentenced to the low end of the career-offender guidelines); *see also United States v. Caraballo*, 552 F.3d 6, 9 (1st Cir. 2008) (rejecting the argument when the career-offender guidelines applied because § 2D1.1 was only "a way station along the road that the district court traveled in arriving at the appropriate sentencing range").

*United States v. Hameed*, Case No. 09-3259, 2010 U.S. App. LEXIS 15237, at *7-8 (6th Cir. July 26, 2010).  This is dispositive.  *See Pembrook*, 2010 U.S. App. LEXIS 11949, at *16 (6th Cir. 2010) ("[The Defendant's] applicable guideline range was his career-offender range. . . . [the Defendant] is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).").

To be sure, as argued by Wherry, the Second Circuit recognizes an exception to this general rule when a district court "depart[s] from the career offender sentencing range to the level that the defendant would have been in absent the career offender status calculation and consideration[.]" *United States v. McGee*, 553 F.3d 225, 227 (2d Cir. 2009) (per curiam) (quotation marks omitted). This exception is inapplicable here, however.  First, the Second Circuit itself limits the reach of *McGee* to cases in which a petitioner "could have been sentenced under § 4B1.1 but was in fact sentenced under § 2D1.1." *United States v. Martinez*, 572 F.3d 82, 84-85 (2d Cir. 2009).  Second, the Sixth Circuit has rejected *McGee* explicitly in cases where a district court calculates a defendant's sentence under the career offender guidelines, even if that court ultimately departs down to the crack cocaine guidelines.  *Pembrook*, 2010 U.S. App. LEXIS 11949, at *16.[5]

---

[5] There is some tension between *Pembrook*, which appeared to reject *McGee in toto*, and *Hameed*, which relies, in part, upon *McGee*. *See Hameed*, 2010 U.S. App. LEXIS 15237, at *29-37 (Bachelder, C.J., concurring in part and dissenting in part) (discussing this tension).  Whatever the ultimate resolution of this tension, it is of no relevance here because this Court relied upon the career offender guidelines explicitly. *See id.* ("I also write separately to emphasize the limited (limited, indeed, to a vanishing point) reach of the majority's approach to the 'based on' prong. I read the majority's 'based on' analysis as limited to those cases where the district court explicitly relies on the crack guidelines as a substitute . . . ." (collecting cases)).

5

### III. CONCLUSION

Because Wherry was sentenced based upon the career offender guideline range rather than the crack-cocaine range, the Court would be without power to modify his sentence even if the Sixth Circuit were to revest it with jurisdiction in this matter. Accordingly, Benjamin Wherry's Motion for Reconsideration (Doc. 123) is **DENIED**.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

> s/Kathleen M. O'Malley
> **KATHLEEN McDONALD O'MALLEY**
> **UNITED STATES DISTRICT JUDGE**

**Dated: August 11, 2010**